### In the Matter of Patricia L. BOWMAN.

No. 53S00–0006–DI–356.

Supreme Court of Indiana.

May 31, 2001.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** In April of 1998, a client hired the respondent to prosecute a paternity action on her behalf, paying an $800 retainer. The respondent told the client that she would file the case in two or three weeks. Thereafter, the client was unable to contact the respondent until June 1998, because the respondent had moved without notifying the client. In June 1998, the respondent advised the client that she had filed the paternity action, but in fact she had not. The client advised the respondent's office that she wanted to terminate the representation, and requested the return of any unearned fee. The respondent later filed the action anyway, prompting the client to request that the petition be withdrawn. When the respondent failed to do so, the client was ultimately forced to file a *pro se* motion to dismiss the case. The respondent did not move to withdraw her appearance until almost two weeks after the client filed the *pro se* motion.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.2(a), which requires a lawyer to abide by a client's objectives concerning representation. The respondent violated Prof. Cond.R. 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. She violated Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of the legal matters and promptly to respond to reasonable requests for information. She violated Prof. Cond.R. 1.16(a)(3), which requires a lawyer to withdraw from representation of a client

if the lawyer is discharged. She violated Prof.Cond.R. 1 .16(d), which requires a lawyer to refund any advance payment of fee that was not earned.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline because it is agreed, otherwise, the Court would have viewed the discipline as inadequate. Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents, believing the discipline to be insufficient for the misconduct.